FILED

SEP 15 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Esa Muhammad a.k.a. Bandele Hinton, )
Plaintiff, )
v. ) Civil Action No. 11 1674
United States of America *et al.*, )
Defendants. )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff, who lists his address as a Post Office Box in the District of Columbia, alleges that on July 25, 2011, he was assaulted by a special police officer "working for McDonald's at Gallery Place . . . " located in the District. Compl. at 1. Plaintiff further alleges that he was arrested and charged with multiple violations. *Id.* at 2. In addition to naming the officer and the McDonald's franchise as defendants, plaintiff names the McDonald's Corporation in Oak Brook, Illinois, and, inexplicably, the United States, the District of Columbia, and the Metropolitan Police Department. Compl. Caption. He seeks $26 million in damages. *Id.* at 2. Plaintiff

(N)

5

indicates that he is proceeding under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 *et seq.*, but he has stated no facts to support such a claim. *See Bell Atlantic Corp. v. Twombly*, 555 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted). The complaint contains no facts to bring it within the Court's federal question jurisdiction. In addition, the complaint provides no basis for diversity jurisdiction because plaintiff and most of the defendants are located in the District. *See Morton v. Claytor*, 946 F.2d 1565 (D.C. Cir. 1991) (Table) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332."); *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citations omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

Ellen S Huvelle
United States District Judge

DATE: September 9, 2011